W. T. PRINE, APPELLEE, v. OLE SYVERSON ET AL.,
APPELLANTS.

FILED OCTOBER 17, 1893.   No. 4942.

1. **Principal and Agent:** UNAUTHORIZED SALE OF LAND:
   RATIFICATION: EVIDENCE: SPECIFIC PERFORMANCE.   One S.,
   being the owner of certain real estate, executed a power of attorney to one H., authorizing him to sell the land, for either cash or partly on credit, for not less than $20 per acre. H. being unable to sell at $20 per acre, afterwards sold the land, subject to the approval of his principal, for $2,000 cash. *Held*, That the weight of the testimony sustained the finding and judgment of the court that the principal had ratified and confirmed the sale.

2. **Vendor and Vendee:** NOTICE OF EQUITIES.   Persons who purchased while the land was in the actual occupancy of another are charged with notice of his rights in the premises.

APPEAL from the district court of Madison county. Heard below before POWERS, J.

*Searles & Ellsworth* and *Barnes & Tyler*, for appellants.

*Allen, Robinson & Reed* and *M. B. Foster, contra.*

MAXWELL, CH. J.

This is an action to enforce the specific performance of a contract for the sale of real estate. It appears from the record that the defendant Ole Syverson resided in this state from about the year 1870 to 1885; that he was the owner

of a quarter section of land at Newman's Grove, Madison
county; that in May, 1885, he executed a power of attor-
ney to George B. Hovland as follows:

"Power of attorney filed January 2, 1890, at 8 A. M.

"Know all men by these presents, that I, Ole Syver-
son, of the town of Newman Grove, in the county of
Madison, and state of Nebraska, do hereby make, consti-
tute, and appoint George B. Hovland, of the town of New-
man Grove, and state of Nebraska, my true, sufficient, and
lawful attorney, for me and in my name, place, and stead
to conduct and carry on the business of selling for not less
than $20 per acre, and giving a deed of general warranty
therefor, to rent or to lease the following described real
estate, to-wit: All the N. W. ¼ of the S. E. ¼ and the N.
E. ¼ of the S. W. ¼ of sec. 29, township 21 west, north of
range 4 west of the 6th principal meridian, Newman
Grove, Madison county, Nebraska; to sell either for cash
or on credit all such property as he may deem useful and
proper connected with said business; to state accounts; to
sue and compromise, collect, or settle all claims or demands
due, or to become due, now existing or hereafter to arise in
my favor; and to adjust, settle, and pay all claims and de-
mands which now exist against me or may hereafter arise
either as connected with the foregoing business or other-
wise; to take the general management and control of my
property and business, and to execute and enter into bonds,
contracts, and deeds connected therewith; and to release all
mortgages that are now on record in the state of Nebraska
in my name; and to release any mortgages which may
hereafter be given to me, either real or personal; and, in
general, to do all other acts and things which he may con-
sider useful or necessary connected with my business, prop-
erty, and interests.

     "(Signed)          OLE SYVERSON.

"Signed in presence of
     "A. J. THATCH.

"THE STATE OF NEBRASKA,  } ss.
    MADISON COUNTY.        }

"On this 5th day of May, A. D. 1885, before me, the undersigned, a notary public duly commissioned and qualified for and residing in said county, personally appeared Ole Syverson, to me well known to be the identical person who subscribed said power of attorney as principal, and he acknowledged the said instrument to be his free and voluntary act.

"In testimony whereof, I have hereunto set my hand and affixed my notarial seal at Madison, Nebraska, in said county, the day and year last above written.

        "[SEAL.]                A. J. THATCH,
                                    "*Notary Public.*"

Syverson then went to Norway and resided there for several years.   No opportunity to sell the land at $20 per acre seems to have occurred, but in May, 1889, Prine and Hovland entered into the following:

"Received of W. T. Prine the sum of $5.00 as part pay on E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ and W. $\frac{1}{2}$ of S.. E. $\frac{1}{4}$ of sec. 29, T. 21, R. 4 west, in Madison county, Nebraska; price to be $2,000 cash, balance to be paid in about two months, more or less; George B. Hovland to furnish warranty deed and an abstract of title; said title to be clear and of such genuineness as any loan company will accept, otherwise Hovland to refund the above payment and this sale to be void.

"Dated at Newman Grove, Nebraska, the 28th day of May, 1889.                GEORGE B. HOVLAND,
                            "*Agent for Ole Syverson.*"
    "Signed in presence of
        "W. T. PRINE."

This, unless ratified by Syverson, would give the plaintiff no rights.   A large number of letters of Syverson and also of Hovland are in the record, and translations of the same.   That relating to the plaintiff's offer is as follows:

"NEWMAN GROVE, NEB., March 12, 1889.

"*Ole Syverson:* Once more I am sending you an offer that I got on your land, viz., $2,000 cash, if you will take it. This deed is ready if you will accept the bid. Write your wife's name where that red line is, and both of you shall sign below where the blue cross is, in the presence of witnesses, and get the signature of a constable of a parish or a (stipendiary) judge on the deed. Your mother needs money. I shall do my best to sell. The best regards from                                G. B. HOVLAND."

The answer to this is as follows: ·

"SKAIKER, Apr. 2, 1889.

· " *Mr. Hovland:* I received your letter yesterday and see that you have a new offer; and that is very good if there should not be any more to be had. I will sign when convenient, but it takes time to go to the 'lensmand' (an officer similar to sheriff) or 'skriveren' (an officer competent to take acknowledgment); but I will ask if you would advance mother a little money until I get the deed sent, and the one that wants to buy can commence work at any time. You say that mother is in need of money, and if you could let her have $100 until we can get it fixed it would be well.

     "With respect,          OLE S. AABOEN."

. "SKAIKER, May 2, 1889.

"*Mr. Hovland:* You will probably be surprised about me not sending the deed back, but I have been to 'skriveren' (an officer competent to take acknowledgment), but he himself was not at home, and the one which was in his place, probably a clerk or deputy, could do nothing with it. Then I went to 'lensmanden' (an officer similar to that of sheriff), but he said it was best it was 'skriveren'; but I think 'skriveren' may come up north next month. Here is such a big trouble with everything, that it is six Norwegian miles to 'skriveren,' and he has such large district that it is difficult to find him at home. But when

you get this word then you can write back and tell if any one has moved on the land. The first offer you had this winter was good. If you will, send a new deed, and mark where ours and 'skriveren' shall put his name.

"A kind regard. OLE S. AABOEN."

The plaintiff seems to have duly performed on his part so far as he was able to do so. He entered into possession of the land in pursuance of the directions of Syverson in his letter of April 2, 1889. Afterwards Syverson sold the land to Cutru and others, and they purchased while the plaintiff was in possession, and hence with notice. The court below found the issues in favor of the plaintiff and rendered a decree accordingly. In our view the decree is right. There is sufficient testimony in the record tending to show ratification of the contract to justify the court in finding that it had been ratified, and in our view that is sustained by the weight of evidence. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.